## Bradshaw, et al. v. Pendleton, et al.

(Decided June 20, 1924.)

### Appeal from Garrard Circuit Court.

Principal and Agent—Vendor and Purchaser—Purchaser Held Entitled to Rescind for Fraud of Agent—Evidence Held to Support Finding of Agency.—In action to rescind contract of sale of land for fraud, evidence held to warrant finding that person joining with plaintiff in purchase of tract was agent for defendants and guilty of fraud and that plaintiff only intended to be surety for his co-purchaser.

JAY W. HARLAN, GEORGE E. STONE and FRED P. CALDWELL for appellants.

J. E. ROBINSON and P. M. McROBERTS for appellee Pendleton.

L. L. WALKER for appellee Hamilton.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

The plaintiff, now appellee John Pendleton, instituted this action to rescind for alleged fraud a contract by which, according to its terms he agreed to purchase of defendants, A. D. and Walker Bradshaw, 128 acres of land at $275.00 per acre.

Denying the alleged fraud, defendants by counterclaim sought to enforce specific performance against Pendleton, and by cross-petition against their co-defendant, John I. Hamilton, they sought to hold him liable as surety for Pendleton.

Pendleton traversed the counterclaim, and Hamilton not only traversed defendant's cross-petition, but admitted that he made the sale for and as the agent of the defendants Bradshaw, and induced plaintiff to

sanction his own bid of $275.00 an acre for the land, and to sign the contract with him upon the representation that he and Pendleton were purchasing the land jointly, when as a matter of fact he was not to be interested in the purchase but was ostensibly joining with the plaintiff in the purchase of the land simply to induce him to purchase a half-interest therein when it became apparent at the sale that no satisfactory bid could be obtained therefor, and that he did this with the knowledge and consent of A. D. Bradshaw.

As the defendants also admit in their pleadings that Hamilton was their agent, it stands practically admitted, and is clearly proven, that Pendleton at least was not the sole purchaser of the land, as the contract recited, and as it was attempted to be enforced.

It results therefore that the defendants Bradshaw were not entitled to specific performance of the contract according to its terms, and as only it was sought to be enforced. Even counsel for the Bradshaws, in one of their briefs, expressly admit as much.

Nor is there the least doubt from the evidence that Pendleton was induced by Hamilton, not only to sanction Hamilton's bid of $275.00 for the land, but also to sign the contract with Hamilton in the belief, as stated by both of them, that he was to "stand in" with Hamilton in the transaction.

It is true that he and Hamilton differ as to what was meant by "standing in" with each other: Pendleton claiming that he was simply to become surety for Hamilton, while Hamilton claims that he and Pendleton were to be apparently joint purchasers but that as a matter of fact he was not to be bound at all.

In addition to admitting that Hamilton was their agent in the matter, A. D. Bradshaw further admits that just before Hamilton made the bid of $275.00, he came to him and said that unless they could induce Pendleton to bid, it looked like no satisfactory bid could be obtained, and that he believed he could get Pendleton to join with him in making a bid, and that Bradshaw consented for him to make the effort. They disagree about this conversation only to the extent that Bradshaw claims Hamilton was to join with Pendleton as a *bona fide* purchaser, whereas Hamilton insists that he was not to be beneficially interested at all, and that this was simply a ruse to sell a half-interest in the land to Pendleton, leaving the other half in his hands as agent of the Bradshaws.

Substantiating his claim, in some measure at least, is the fact that he wrote after his name upon the copy retained by the Bradshaws the word "surety," whereas upon the contract delivered to Pendleton there was no such word.

So, while there is room for doubt as between A. D. Bradshaw and Hamilton as to the meaning and effect of their conversation that immediately preceded the $275.00 bid by Hamilton, which he announced and Pendleton did not deny was bid by the latter, it is entirely clear that Pendleton never agreed to buy the land as the contract indicates, but was induced to appear to be the purchaser and to sign the contract by representations of Hamilton, which were false and fraudulent, and that the proof fully warranted the chancellor in holding the Bradshaws legally responsible therefor.

Judgment affirmed.